58 CCPA

**Application of Yorck Joachim TALBOTT.**

**Patent Appeal No. 8519.**

United States Court of Customs and Patent Appeals.

July 1, 1971.

Michael S. Striker, New York City, attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Raymond E. Martin, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Associate Judges, and LANDIS, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This appeal brings before us for the first time the question whether the registration of an industrial design (Geschmackmuster) under the laws of Germany may be considered for purposes of applying the statutory time bar of 35 U.S.C. §§ 102(d) and 172 against an application for a United States design patent on the same subject matter. Before us also, similarly for the first time, is the ancillary issue, to be decided only if the first stated question is answered in the affirmative, whether an applicant may avoid the statutory bar involved by maintaining the subject matter of the German grant in secrecy, *i. e.*, not available for public inspection, until after his United States application has been filed.

These issues arise out of the affirmance, by the Patent Office Board of Appeals, of the rejection of the conventional single claim in appellant's application[1] for a United States design patent. The facts are reasonably straightforward, and, for the most part, are not in dispute.

As we understand it, the German statute pertinent to the issue before us is not part of the general laws dealing with patents in that country, but rather provides only for the grant of an exclusive right against imitation to creators of new and original industrial designs, or, "Geschmackmusters". This grant may be obtained upon registration of the design and deposit of a copy thereof with the proper authority. The grant is effective from the day the application for registration is filed.

Appellant filed such an application for registration of his design under German law on July 5, 1965, some six months and one week before he filed the present application in the United States Patent Office. Noting the provision in 35 U.S.C. § 172 that, in the case of designs, the time specified in section 102(d) of the Patent Act shall be six months, the examiner rejected appellant's claim as being barred from patentability under the provisions of the latter section.[2] He was sustained on this point by the Board of Appeals.

Against this rejection, appellant has consistently taken the approach that it is error to consider the Geschmackmuster registration obtained in Germany as satisfying the requirement of section 102(d) that the claimed invention be "patented * * * in a foreign country." He asserts first that there is a substantial difference in the nature of the rights obtained by the German grant as opposed to those inhering in the grant of a United States design patent. This difference, he argues, militates against characterizing Geschmackmuster rights as "patent" rights. Such rights, being much more in the nature of copyright rather than patent rights, could not have been contemplated, he urges, as within the scope of section 102(d).

As a second point, appellant refers to the fact that his design registration was kept secret by the German authorities at his request and as permitted by the German law. Under those circumstances, he maintains, even if the foreign registration is held to be a "patent" under section 102(d), the logic of prior cases[3] holding that such secret "patents" may not be used as references under 35 U.S. C. § 102(a) and (b) requires that his secret "patent" be similarly excluded.

As noted by the board in its opinion below, the issues raised by appellant here were similarly raised in Ex parte Weiss, 159 USPQ 122 (Pat.Off.Bd.App. 1967) and fully discussed in the opinion in that case. We have also been referred to two additional Board of Appeals opinions which have been published dealing with the same issue. Ex parte Einfalt, 155 USPQ 529 (1966) and Ex parte App. No. ————, 866 O.G. 16 (1968). Our consideration of the issues raised, in light of those opinions and further aided by the able briefs of both parties, has satisfied us that the Patent Office position is correct and, accordingly, the decision below will be sustained.

---

1. Serial No. D–583, filed January 12, 1966, for "Rear View Mirror for Automobiles".

2. 35 U.S.C. § 102:
   A person shall be entitled to a patent unless—
      *    *    *    *    *
   (d) the invention was first patented or caused to be patented by the applicant or his legal representatives or assigns in a foreign country prior to the date of the application for patent in this country on an application filed more than twelve months before the filing of the application in the United States * * *.

3. The cases in point are In re Ekenstam, 256 F.2d 321, 45 CCPA 1022 (1958); and Ex parte Winter, 144 USPQ 123 (Pat.Off.Bd.App.1964).

Rather than attempt to detail our own reasons for agreeing with the Patent Office, we shall adhere to and adopt as our own, the reasoning set out so completely in the cited opinions of the board. We add only our own brief comments in response to certain of appellant's particularly pointed arguments.

 With regard to the first indicated aspect of the issue before us, *i. e.*, the difference in the rights granted under the foreign statute, appellant has made much of what he feels is a confusion by the Patent Office of the *"nature"* of the rights involved, as opposed to the *"scope"* of rights. He asserts that the provisions of section 102(d) may properly be applied, if at all, where the foreign rights differ from those to be obtained in the United States only in "scope" and not where, as here, they differ in their "nature". Recognizing that such a distinction may be made, we nevertheless believe it is not significant. We agree with the board that "it is sufficient if the inventor receives from the foreign country the exclusive privilege that its laws provide for." Compare, Atlas Glass Co. v. Simonds Mfg. Co., 102 F. 643 (3rd Cir. 1900).

As to his second point of contention, appellant strongly argues that an affirmance of the board's decision here would go counter to earlier decisions regarding secret "patents", and would require a holding absolutely contrary to the logical premise "that in a law, carefully drafted, certain terms—such as the term 'patented'—must have the same meaning, particularly since neither the law nor its legislative history contains any statement to the contrary." To this we can only reply that, while appellant's premise is desirable in the ideal, it is impractical in applying statutory provisions to cover circumstances which are very real but vastly different. The policy considerations underlying parts (b) and (d) of section 102, while overlapping to some extent, are not necessarily identical. As the Patent Office has pointed out, considerations in the nature of those which obviously governed our decision in *Ekenstam, supra,* have no application here.

The decision of the Board of Appeals is *affirmed.*

Affirmed.